**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEI WANG, | No. 15-72316 |
| Petitioner, | Agency No. A205-773-602 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 18, 2021**
Pasadena, California

Before: CALLAHAN and FORREST, Circuit Judges, and AMON,*** District
Judge.

Fei Wang, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' (BIA) denial of asylum, withholding of removal, and relief

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

under the Convention Against Torture (CAT). Wang states that he is a Christian and fears that, if he is returned to China, he will be arrested for violating his release conditions. We have jurisdiction under 8 U.S.C. § 1252, and we deny Wang's petition.

**1.** Wang challenges the BIA's affirmance of the Immigration Judge's (IJ) adverse credibility determination. "We review factual findings, including adverse credibility determinations, for substantial evidence." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). "The agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016)).

The IJ found that Wang was not credible based on his demeanor, omissions in his in-court testimony, inconsistencies between his written statement and in-court testimony, and lack of responsiveness to questions. The IJ noted that, when asked how he was baptized in Taiwan, Wang said he forgot. When asked about his practices when he returned to China, Wang gave a vague answer and said that his teacher was Lin, but then corrected his answer to Zhu and said that he didn't know anyone with the name of Lin. However, Wang's written statement named the pastor in Taiwan who baptized him as Lin. In his written statement, Wang recounted that, while detained following his arrest, he had "two steel tubes tied in the form of a cross tied around his neck and was placed in the yard and that it was

cold," but Wang could not recall this in his testimony. Also, in his testimony before the IJ, Wang failed to mention that he was required to report weekly to the police. Although Wang claimed that he was baptized in the United States by Pastor Chui through submergence in water, when asked, Wang could not remember the significance of being baptized by full submersion.

The BIA found that the IJ's adverse credibility finding was supported by Wang's demeanor, inconsistent testimony, and omissions. In particular, the BIA noted that Wang failed to provide "reasonably expected details," had offered inconsistent testimony regarding the conditions placed on him after his release, and failed to plausibly explain how he was able to obtain a replacement passport after his first passport was confiscated on his return from Taiwan.

Wang argues that the details omitted from his testimony were included in his asylum statement, the details concerning his baptism in Taiwan and his relationship with Pastor Lin are "tangential," and that his "ability to obtain a replacement passport is not a cogent ground to impeach his credibility." However, the issue is not whether there is substantial evidence to support Wang's contentions, but whether he has shown that the record, as a whole, compels a finding that he is credible. *See Go v. Holder*, 640 F.3d 1047, 1052 (9th Cir. 2011). He has not made such a showing. Rather, we conclude that the BIA's adverse credibility determination is supported by substantial evidence in the record.

3

**2**. The adverse credibility finding also undermines Wang's claims for withholding of removal and CAT relief. *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation."); *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003) ("[B]ecause we affirm the BIA's determination that Farah and his witnesses were not credible, we must similarly affirm the rejection of Farah's claim under the Convention Against Torture."). Here, the only evidence of past persecution is Wang's testimony, which the BIA found to be unreliable.

The petition for review is **DENIED**.